UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: | Chapter 7<br>Case No. 26-31812 |
| Snowman Construction, LLC, | |
| Debtor. | |

---

**MOTION FOR APPROVAL OF SETTLEMENT**

---

TO: The debtor and other entities specified in the applicable Federal Rules of Bankruptcy Procedure; and via Regular and Certified Mail – Return Receipt Requested, Minnwest Bank, c/o its attorneys, Benjamin Struby, Partner, Lathrop GPM LLP, 2323 Grand Boulevard, Suite 800, Kansas City, MO 64108-2637.

1. Patti J. Sullivan, the chapter 7 trustee for the debtor's estate (the "Trustee"), moves the court for the relief requested below.

2. A hearing will be held at **10:30 a.m. on Thursday, September 17, 2026**, before Judge Mychal A. Bruggeman, in Courtroom 2B, 2nd Floor, at the United States Courthouse, at 316 North Robert Street, St. Paul, MN 55101. THE INITIAL HEARING WILL BE BY VIDEO CONFERENCE. THE LINK IS LOCATED at www.mnb.uscourts.gov [Judges] [Calendars][Judge Mychal A. Bruggeman].

3. Any response to this motion must be filed and served not later than **Thursday, September 10, 2026**, which is seven (7) days before the time set for the hearing (including Saturdays, Sundays, and holidays). **IF NO RESPONSE TO THIS MOTION IS TIMELY FILED THE COURT MAY GRANT THE MOTION WITHOUT A HEARING**.

4. This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This is a core proceeding. The petition commencing this chapter 7 case was filed on May 29, 2026 (the "Petition Date"). The case is now pending before this Court.

5. This motion arises under Fed. R. Bankr. P. 9019 and Local Rule 9019-1. This motion is filed under Fed. R. Bankr P. 9013 and 9014. The Trustee requests approval of the settlement as set forth below.

6. The following is a summary of the dispute and the terms of the proposed settlement:

A. Settlement between Patti J. Sullivan, Trustee and Minnwest Bank, regarding the disposition of the Mechanic's Liens, a Notice of Lis Pendens, and the Fraudulent Transfer Case (each defined below), as follows:

B. Prior to the Petition Date, Debtor was in the business of construction and construction management and contracting.

C. On or about June 11, 2018, Debtor filed and recorded a mechanic's lien against a building located at 512 Second Street South, Minneapolis, MN 55401 (the "Building")[1] with the Office of the County Recorder in and for Hennepin County, Minnesota as Document No. A10560824 (the "First Mechanic's Lien"). Brad Snow executed the First Mechanic's Lien and is identified thereon as the Owner of Debtor.

D. On or about August 14, 2018, Debtor filed and recorded another mechanic's lien against the Building, with the Office of the County Recorder in and for Hennepin County, Minnesota as Document No. A10581702 (the "Amended Mechanic's Lien" collectively with the

[1] The full legal description of the real property that includes the "Building" is attached as **Exhibit A**, and incorporated by reference.

First Mechanic's Lien, the "Mechanic's Liens"). Brad Snow executed the Amended Mechanic's Lien and is identified thereon as the Owner of Debtor.

E. On or about March 11, 2019, Debtor filed an action to enforce its Mechanic's Liens against Ceresota Funding II, LLC, Ceresota Funding, LLC, Minnwest Bank, PAM Ceresota, LLC, Agness Enterprises, LLC doing business as Servpro of Brooklyn Park/Champlin, John Doe, Mary Roe, ABC Corporation, and XYZ Partnership (collectively, the "Mechanic's Lien Defendants") as defendants. The case was filed in Hennepin County, Minnesota District Court and assigned Case File No. 27-CV-19-3907 (the "Mechanic's Lien Case"). Ceresota Funding, LLC and Ceresota Funding II, LLC (together "Ceresota") asserted counterclaims.

F. On or about March 14, 2019, Debtor caused to be filed and recorded a Notice of Lis Pendens dated March 13, 2019, with the Office of the County Recorder in and for Hennepin County, Minnesota as Document Number A10642764 (the "Notice of Lis Pendens").

G. On or about August 5, 2020, Debtor filed a separate action alleging fraudulent transfer against Minnwest Bank, MWB Ceresota REO, LLC, Ceresota Funding II, LLC, John Doe, Mary Roe, ABC Corporation, and XYZ Partnership (the "Fraudulent Transfer Defendants") as defendants. The case was filed in Hennepin County, Minnesota District Court and assigned Case File No. 27-CV-20-10094 (the "Fraudulent Transfer Case").

H. Through the Fraudulent Transfer Case, the Debtor sought attachment against proceeds from a foreclosure sale on the Building that the Debtor believed could be used to satisfy the amounts at issue in the Mechanic's Lien Case.

I. The Fraudulent Transfer Case was put on administrative hold by the agreement of the parties pending resolution of the Mechanic's Lien Case.

J. On July 31, 2024, the court in the Mechanic's Lien Case entered its Findings of Fact, Conclusions of Law, and Order for Judgment and ordered that Debtor was entitled to a

mechanic's lien in the amount of $25,981.93, but further ordered that the amount was completely offset by the amount awarded against Debtor and in favor of Ceresota on Ceresota's counterclaims, ordering that "Ceresota is entitled to judgment against Snowman in the principal amount of $385,660.57 minus $25,981.93, equaling $359,678.64, plus pre-judgment interest" (the "Mechanic's Lien Judgment").

K. Snowman appealed the Mechanic's Lien Judgment and on March 9, 2026, the State of Minnesota Court of Appeals A25-0715 affirmed the Mechanic's Lien Judgment.

L. Debtor's time to appeal the Court of Appeals order affirming the Mechanic's Lien Judgment expired prior to the Petition Date.

M. Minnwest Bank controls Ceresota through a foreclosure action and is the holder of the Mechanic's Lien Judgment.

N. The Mechanic's Liens and the Notice of Lis Pendens have not been released.

O. There has been no disposition of the Fraudulent Transfer Case.

P. Minnwest Bank and the Trustee agree that Minnwest Bank will pay the bankruptcy estate the lump sum of $25,000.00 (receipt of which is hereby acknowledged) and further waive any claim against the estate, including the right to file a proof of claim, in exchange for the Trustee releasing the Mechanic's Liens and the Notice of Lis Pendens, and dismissing the Fraudulent Transfer Case, with prejudice.

Q. Pursuant to the authority derived from 11 U.S.C. § 704, a trustee has the authority to settle, compromise, or resolve disputes and legal claims belonging to a debtor's estate.

R. Inherent in her authority under 11 U.S.C. § 704 is the Trustee's authorization to release the Mechanic's Liens and Notice of Lis Pendens, and to dismiss the Fraudulent Transfer Case, with prejudice.

S. The Trustee determined in the exercise of her reasonable business judgment that the agreement represents a net benefit to the estate that provides the most efficient means of resolving the remaining issues related to the Mechanic's Lien Case and the Fraudulent Transfer Case, dispenses with the costs of further litigation, and resolves any related claims through mutual releases.

T. The Trustee believes the settlement is in the best interest of the estate and creditors.

U. If payment is not made or if this agreement is not approved by the Court, the Trustee shall be entitled to reassert any and all claims the estate may have.

**WHEREFORE,** the Trustee moves the court for an order approving the settlement and for such other and further relief as is just and equitable.

Dated: August 25, 2026

Respectfully submitted,

*s/Patti J. Sullivan*
Patti J. Sullivan, Trustee (#170124)
1041 Grand Ave., No. 272
St. Paul, MN 55105
Phone: (651) 699-4825
Email: patti@pattisullivan.com

# EXHIBIT A

The real property that includes the "Building" as defined in the agreement is legally described as follows:

> Lots Six (6), Seven (7) and Eight (8), EXCEPT that part of Lot Six (6) lying northeasterly and southeasterly of the following described line:
>
> Commencing at the southeast corner of said Lot 6; thence North 30 degrees 17 minutes 45 seconds East, plat bearing, a distance of 29.65 feet along the southeasterly line of said Lot 6 to the southwest corner of Lot 5, and the point of beginning of the line to be described; thence North 59 degrees 06 minutes and 09 seconds West a distance of 17.30 feet along the northwesterly prolongation of the southwesterly line of said Lot 5; thence North 30 degrees 17 minutes 45 seconds East a distance of 55.10 feet to an intersection with the northwesterly prolongation of the northeasterly line of said Lot 5; thence South 59 degrees 25 minutes 00 seconds East a distance of 5.46 feet along said last described northwesterly prolongation to the northwest corner of said Lot 5, and said line there terminating,
>
> All in Block One (1), HAYBER ADDITION, according to the recorded plat thereof, and situate in Hennepin County, Minnesota.
>
> Street Address: 512 Second Street South, Minneapolis, MN 55401
>
> PIN 23-029-24-34-0074

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re: Chapter 7
Case No. 26-31812

Snowman Construction, LLC,

Debtor.

---

**ORDER APPROVING SETTLEMENT**

---

This case is before the court on the motion [Doc __] of Patti J. Sullivan, Chapter 7 Trustee, for an order approving the settlement reached between the Chapter 7 Trustee and Minnwest Bank. Based on the record and there being no objection,

IT IS ORDERED:

The settlement is approved.

Dated:

__________________________
Mychal A. Bruggeman
United States Bankruptcy Judge